**HINES, Director General of Railroads, v. CURLEE. (No. 6284.)**

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1921. Rehearing Denied March 23, 1921.)

Railroads ⬥411(5)—Liable for failure to use ordinary means to prevent injuring animal on unfenced track.

Railroad *held* liable for death of mule, where, after discovery of the mule on the track at a place not required to be fenced, the trainmen did not use ordinary means to prevent injuring it, and where such failure was proximate cause of the mule's death.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Suit by Noon Curlee against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

J. L. Goodman, of Franklin, and Dabney & King, of Houston, for appellant.

JENKINS, J. Appellee sued appellant for damages for alleged negligence in killing a mule belonging to appellee, and for a reasonable attorney's fee as provided by the statute in such cases.

The case was submitted to a jury upon the following special issues:

"Special Issue No. 1. Was the mule belonging to plaintiff struck and thereby killed by the engine and cars operated by the agents and employés of defendant, as alleged? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 2. Could the defendant's track or right of way, at the said point where said mule was struck and killed, have been fenced without causing any inconvenience to the public and with safety to the agents, servants, and employés of defendant? Answer 'Yes' or 'No.'" Answer: "No."

"Special Issue No. 3. Did the servants, agents, and employés operating defendant's engine and cars at the time the said mule was struck and killed use ordinary care, as that term has been herein defined to you? Answer 'Yes' or 'No.'" Answer: "No."

"Special Issue No. 4. Did the servants, agents, and employés operating the locomotive and cars of defendant fail to use and exercise ordinary care, as that term has been hereinbefore defined, in keeping a lookout to discover the presence of said mule on the track of said railroad company? Answer 'Yes' or 'No.'" Answer: "No."

"If you answer special issue No. 4 in the affirmative, then and in that event only answer special issue No. 5.

"Special Issue No. 5. Was such failure to use ordinary care negligence, as that term has been hereinbefore defined? Answer 'Yes' or 'No.'" Answer: "Yes."

"If you answer special issue Nos. 4 and 5 in the affirmative, then and in that event only answer special issue No. 6.

"Special Issue No. 6. Was the failure of the servants, agents, and employés of defendant operating said locomotive and cars to use and exercise ordinary care in keeping a lookout to discover the presence of said mule on the track of said railroad company the proximate cause of the injury? Answer 'Yes' or 'No.'" Answer: "No."

"Special Issue No. 7. Did the servants, agents, and employés operating said train, after they discovered the mule of plaintiff on said track, or about to go upon said track, blow the whistle of said engine to frighten said animal off of and away from said track? Answer 'Yes' or 'No.'" Answer: "No."

"If you answer special issue No. 7 in the negative, then answer special issue No. 8.

"Special Issue No. 8. Was the failure of the servants, agents, and employés operating said train to blow the whistle of said engine negligence, as that term has been hereinbefore defined? Answer 'Yes' or 'No.'" Answer: "Yes."

"If you answer special issue No. 8 in the affirmative, then answer special issue No. 9.

"Special Issue No. 9. Was the failure of the servants, agents, and employés operating said train to blow the whistle of said engine the proximate cause of said injury? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 10. Did the servants, agents, and employés operating said train, after they discovered the mule of plaintiff on said track, or about to go upon said track, ring the

bell of said engine to frighten said animal off of and away from said track? Answer 'Yes' or 'No.'" Answer: "No."

"If you answer special issue No. 10 in the negative, then and in that event only answer special issue No. 11.

"Special Issue No. 11. Was the failure of the servants, agents, and employés of defendant operating said train to ring the bell of said engine negligence, as that term has been herein defined? Answer 'Yes' or 'No.'" Answer: "Yes."

"If you answer special issue No. 11 in the affirmative, then and in that event only answer special issue No. 12.

"Special Issue No. 12. Was the failure of the servants, agents, and employés of defendant operating said train to ring the bell of said engine the proximate cause of said injury? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 13. Could the servants, agents, and employés of defendant operating said train, after discovering said mule on the track of said railway, or discovering it was about to go upon said track, by the use of ordinary care, have stopped said train, consistent with their own safety and with the safety of the engine and cars of said locomotive and of the lives of the passengers on said train, in time to have avoided striking and thereby killing said mule? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 14. Did the servants, agents, and employés operating said train use ordinary care to prevent injury to plaintiff's mule after discovering said mule on the track of said railway company, or that it was about to go upon said track? Answer 'Yes' or 'No.'" Answer: "No."

"If you answer special issue No. 14 in the negative, then answer special issue No. 15.

"Special Issue No. 15. Was the failure of the servants, agents, and employés operating said train to use ordinary care the proximate cause of the injury? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 16. What was the reasonable market value of said mule at the time it was struck and killed, if it was struck and killed by the engine and cars operated by the servants, agents, and employés of defendant?" Answer: "$140."

"Special Issue No. 17. What is a reasonable attorney fee for services performed by plaintiff's attorneys in this case?" Answer: "$20."

The effect of these answers was a finding by the jury that the mule was killed by appellant's train at a place where its track was not required to be fenced; that appellant used ordinary care to keep a lookout for the mule on the track; that it discovered said mule on the track, but did not use ordinary means to prevent injuring same, and that such failure was the proximate cause of the mule being killed; that $20 was a reasonable attorney's fee, and the mule was worth $140.

**Opinion.**

The evidence is sufficient to sustain the verdict of the jury. Such being the case, the court did not err in rendering judgment for appellee for $160.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.